**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 21-7283

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

    v.

WILLIE SLOCUM, JR., a/k/a Jay,

          Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. John T. Copenhaver, Jr., Senior District Judge. (2:13-cr-00274-1; 2:17-cv-03759)

Argued: March 21, 2024                                      Decided: July 1, 2024

Before DIAZ, Chief Judge, and QUATTLEBAUM and RUSHING, Circuit Judges.

Vacated and remanded by published opinion. Judge Quattlebaum wrote the opinion, in which Judge Rushing joined. Chief Judge Diaz wrote a concurring opinion.

**ARGUED:** Salvatore Mills Mancina, GEORGETOWN UNIVERSITY LAW CENTER, Washington, D.C., for Appellant. Joshua Clarke Hanks, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, West Virginia, for Appellee. **ON BRIEF:** Erica Hashimoto, Director, Emily Webb, Student Counsel, Daniel Reid, Student Counsel, Appellate Litigation Program, GEORGETOWN UNIVERSITY LAW CENTER, Washington, D.C., for Appellant. William S. Thompson, United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, West Virginia, for Appellee.

QUATTLEBAUM, Circuit Judge:

Willie Slocum, Jr., appeals the district court's denial of his 28 U.S.C. § 2255 motion to correct, vacate or set aside his convictions and sentences based on ineffective assistance of counsel. Slocum was indicted on two counts of drug conspiracy under 21 U.S.C. § 846, but Slocum argues that the two charged conspiracies were really one. Insisting that he was punished twice for the same conspiracy in violation of the Fifth Amendment's Double Jeopardy Clause, Slocum argues that his trial counsel rendered ineffective assistance by failing to raise a double jeopardy challenge before the trial court.

While not dispositive, Slocum's ineffective assistance claim invites us to consider whether Slocum was put in double jeopardy in the first place. The district court determined that he was not. In fact, the district court declined to hold an evidentiary hearing on Slocum's claim and denied his motion without ordering a response from the government. But conducting a factual inquiry guided by the "totality of the circumstances" test from *United States v. MacDougall*, 790 F.2d 1135 (4th Cir. 1986), and our multiple conspiracy case law, Slocum was punished twice for a single conspiracy in violation of the Double Jeopardy Clause. Still, whether trial counsel had a strategic reason for failing to raise a double jeopardy challenge is unclear on this record. Slocum is entitled to an evidentiary hearing under 28 U.S.C. § 2255(b) where the performance of his trial counsel can be assessed. We, therefore, vacate the district court's denial of Slocum's § 2255 motion and remand for an evidentiary hearing on Slocum's ineffective assistance claim.

2

I.

A federal grand jury returned a five-count indictment against Slocum. Relevant to this appeal, Count One charged Slocum with conspiring under 21 U.S.C. § 846 to violate 21 U.S.C. § 841(a)(1) by distributing more than one kilogram of heroin, and Count Two charged him with conspiring under § 846 to violate § 841(a)(1) by distributing a quantity of oxycodone.[1] The indictment charged both conspiracies as occurring "[f]rom before May 2012 through October 2013, at or near Charleston, Kanawha County, West Virginia, and within the Southern District of West Virginia and elsewhere." *Compare* J.A. 31, *with* J.A. 32.

Slocum proceeded to a three-day jury trial, where he was represented by counsel. In its opening argument, the government told the jury that Slocum recruited "people to sell drugs," often drug addicts who sold "heroin and pills" to support their own addictions. J.A. 53–54. The government presented 16 witnesses in its case-in-chief. Many testified that they sold both heroin and oxycodone for Slocum or knew others who did. Several also described how they and others transported heroin and oxycodone for Slocum. They further testified that Slocum and other members of the conspiracy sold the drugs to a network of people in and around Charleston, who then both used and re-sold the drugs. In its closing argument,

---

[1] Counts Three and Four charged Slocum with felon in possession offenses under 18 U.S.C. §§ 922(g)(1) and 924(a)(2), and Count Five charged him with witness tampering in violation of 18 U.S.C. § 1512(b)(1).

3

the government summarized this evidence of "a big drug conspiracy." J.A. 875. The jury convicted Slocum on all counts.

The district court sentenced Slocum to 360 months' imprisonment for the heroin conspiracy count and a concurrent prison term of 240 months for the oxycodone conspiracy count. Slocum received lower, concurrent terms on the remaining counts, resulting in a total term of imprisonment of 360 months. The district court also imposed a five-year term of supervised release on the heroin conspiracy count and concurrent three-year terms of supervised release on each of the other counts. The district court ordered Slocum to pay a total fine of $5,000 and $100 special assessments on each count of conviction.

Following his unsuccessful direct appeal, Slocum filed a *pro se* § 2255 motion. Among other claims, Slocum argued that his trial counsel was ineffective in failing to challenge his conspiracy charges, convictions, and sentences as violating the Double Jeopardy Clause. Underlying this claim was Slocum's assertion that the heroin and oxycodone conspiracies for which he was charged and convicted amounted to the same offense—a single conspiracy. Adopting a magistrate judge's proposed findings and recommendations, the district court determined that Slocum was "clearly not entitled to relief." J.A. 1542. It, therefore, neither ordered a response from the government nor held an evidentiary hearing on Slocum's ineffective assistance claim. In denying Slocum's § 2255 motion, the district court reasoned that Slocum failed to show that the two charged conspiracies constituted the same offense under either the "same evidence" test from *Blockburger v. United States*, 284 U.S. 299 (1932), or the "totality of the circumstances" test from our *MacDougall* decision. According to the district court, Slocum fell short under

4

both tests, so he did not have a meritorious double jeopardy claim. Thus, the district court concluded that, under *Strickland v. Washington*, 466 U.S. 668 (1984), trial counsel did not deficiently perform by failing to raise a double jeopardy challenge. Slocum now appeals that decision.[2]

II.

In reviewing a district court's denial of a § 2255 motion, we review factual findings for clear error and legal conclusions de novo. *United States v. Dyess*, 730 F.3d 354, 359 (4th Cir. 2013). To warrant habeas relief based on ineffective assistance of counsel, a movant must satisfy the Supreme Court's two-prong test in *Strickland*. Under that test, the movant must show that (1) his counsel's performance was deficient, and (2) his counsel's deficient performance prejudiced him. *Strickland*, 466 U.S. at 687. The deficient performance prong requires the movant to show "that counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. And the prejudice prong requires him to demonstrate "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

III.

Whether Slocum's trial counsel rendered ineffective assistance by failing to raise a

---

[2] We issued a certificate of appealability as to the sole issue of whether trial counsel was ineffective in failing to raise a double jeopardy challenge. We have jurisdiction to hear Slocum's timely appeal under 28 U.S.C. §§ 1291 and 2255(d).

5

double jeopardy challenge hinges on the question of whether Slocum has sufficiently alleged a double jeopardy violation. After all, if Slocum was not placed in double jeopardy, he could not have been prejudiced by trial counsel's failure to raise a double jeopardy challenge. So, after summarizing the applicable law, we consider whether Slocum has stated a meritorious double jeopardy challenge before turning to the merits of his ineffective assistance claim.

A.

The Fifth Amendment's Double Jeopardy Clause provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. amend. V. This constitutional guarantee has two components. "The first provides protection against the imposition of cumulative *punishments* for the 'same offense' in a single criminal trial; the second against being subjected to successive *prosecutions* for the 'same offense,' without regard to the actual imposition of punishment." *United States v. Ragins*, 840 F.2d 1184, 1187 (4th Cir. 1988) (citations omitted). This case concerns the former, as Slocum argues that he was punished twice for the same conspiracy based on a multiplicitous indictment.

A multiplicitous indictment is one that charges a single offense in multiple counts. *United States v. Burns*, 990 F.2d 1426, 1438 (4th Cir. 1993). "[T]he 'signal danger' of a multiplicitous indictment is that a defendant might thereby receive multiple punishments for the same crime." *United States v. Goodine*, 400 F.3d 202, 207 (4th Cir. 2005). And given that he was convicted and sentenced on both conspiracy counts, that is precisely the danger that Slocum argues occurred. Indeed, the Supreme Court has made clear that a

6

single conspiracy cannot be punished as multiple conspiracies. *Braverman v. United States*, 317 U.S. 49, 52–53 (1942); *see also MacDougall*, 790 F.2d at 1144 ("The double jeopardy clause clearly prohibits the division of a single criminal conspiracy into multiple violations of a conspiracy statute."). Slocum, therefore, maintains that his trial counsel should have challenged his indictment as multiplicitous or his subsequent conspiracy convictions as violating his protection against double jeopardy.

The parties dispute which test applies to Slocum's double jeopardy challenge. The government contends that either the *Blockburger* "same evidence" test or the *MacDougall* "totality of the evidence" test applies and that both lead to the conclusion that Slocum was not placed in double jeopardy. In contrast, Slocum insists that only the *MacDougall* "totality of the circumstances" test applies and that it reveals that his single conspiracy was charged as two.

But there are problems with the parties' arguments concerning both tests. To explain, some unpacking is required. First, consider the *Blockburger* test. Under *Blockburger*, "where the same act or transaction constitutes a violation of *two distinct statutory provisions*, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." 284 U.S. at 304 (emphasis added). Based on this language, we have referred to the *Blockburger* test as the "same evidence" test. *See, e.g.*, *United States v. Stewart*, 256 F.3d 231, 247 n.10 (4th Cir. 2001). Yet, we have recognized that the *Blockburger* test "is essentially one of legislative intent" and "focuses on the formal elements of the two crimes, finding them to be different offenses if each requires proof of a fact which the other does not." *Ragins*, 840

7

F.2d at 1188; *see also United States v. Ayala*, 601 F.3d 256, 265 (4th Cir. 2010) (explaining that the *Blockburger* test requires us to look to "the elements of the statutory provisions in question, not the particular facts of the underlying case") (internal quotes omitted). Thus, we have also referred to the *Blockburger* test as the "same elements" test. *See, e.g.*, *Whittlesey v. Conroy*, 301 F.3d 213, 217 (4th Cir. 2002).

Whatever name we use, the *Blockburger* test is a poor fit for a double jeopardy challenge like Slocum's, which concerns two counts alleging distinct violations of the *same* statute. The Supreme Court has explained that the *Blockburger* test "is frequently used to determine whether a single transaction may give rise to separate prosecutions, convictions, and/or punishments under *separate statutes*." *Sanabria v. United States*, 437 U.S. 54, 70 n.24 (1978) (emphasis added). Accordingly, the *Blockburger* test "applies only when the government charges distinct offenses arising under 'separate statutes.'" *Stewart*, 256 F.3d at 247 n.10 (quoting *Sanabria*, 437 U.S. at 70 n.24); *see also United States v. Rigas*, 605 F.3d 194, 204 (3d Cir. 2010) (en banc) ("The *Blockburger* test is a tool for determining whether Congress intended to separately punish violations of distinct statutory provisions, and is therefore inapplicable where a single statutory provision was violated."); *United States v. Asher*, 96 F.3d 270, 273 (7th Cir. 1996) ("[B]y its very terms the *Blockburger* test applies only where 'the same act or transaction constitutes a violation of two distinct statutory provisions.'" (quoting *Blockburger*, 284 U.S. at 304)).

In addition to the fact that Slocum's double jeopardy challenge involves two alleged violations of the same statute, our *MacDougall* decision provides another reason not to apply the *Blockburger* test here. In *MacDougall*, we clarified that the *Blockburger* test does

8

not apply when determining whether two conspiracies are the same offense for double jeopardy purposes. *MacDougall*, 790 F.2d at 1144. We reasoned that the *Blockburger* test "is of limited value in deciding double jeopardy claims raised with respect to successive conspiracy prosecutions." *Id*. We explained that "if the 'same evidence' test was the sole standard for determining whether multiple conspiracies exist, then prosecutors could carefully draw two indictments by choosing different sets of overt acts and make one conspiracy appear to be two." *Id.* We therefore joined several of our sister circuits in concluding that "in conspiracy cases involving double jeopardy claims, a 'totality of the circumstances' . . . test provides a more accurate analysis than the 'same evidence test.'" *Id.* We determined that the appropriate totality of the circumstances test involves the flexible consideration of five factors:

> 1) time periods in which the alleged activities of the conspiracy occurred;
> 2) the statutory offenses charged in the indictments;
> 3) the places where the alleged activities occurred;
> 4) the persons acting as co-conspirators; and
> 5) the overt acts or any other descriptions of the offenses charged which indicate the nature and scope of the activities to be prosecuted.

*Id.* (first citing *United States v. Thomas*, 759 F.2d 659, 662 (8th Cir. 1985); and then citing *United States v. Sinito*, 723 F.2d 1250, 1256 (6th Cir. 1983)).

But because of its reliance on overt acts, there is also a problem with strictly adhering to the *MacDougall* test. Five years after *MacDougall*, we held "that it is unnecessary either to allege or prove an overt act in a conspiracy charged under 21 U.S.C. § 846." *United States v. Clark*, 928 F.2d 639, 641 (4th Cir. 1991). Two years after that, the Supreme Court agreed. *United States v. Shabani*, 513 U.S. 10, 17 (1993) (holding that proof

9

of overt act is not required to establish a drug conspiracy in violation of 21 U.S.C. § 846). These two cases undermine, if not render untenable, *MacDougall*'s emphasis on overt acts.

Despite these problems with the parties' advancement of the *Blockburger* and/or *MacDougall* tests, we have recently clarified that the Double Jeopardy Clause's protection against the imposition of cumulative punishments "attaches if the subject offenses 'are in law and in fact the same offense.'" *United States v. Schnittker*, 807 F.3d 77, 81 (4th Cir. 2015) (quoting *United States v. Crew*, 538 F.2d 575, 577 (4th Cir. 1976)). In the context of multiple conspiracies charged under the same statute, the central question is whether the counts involve the same or different conspiracies in fact. "A single conspiracy exists where there is 'one overall agreement,' or 'one general business venture.'" *United States v. Stockton*, 349 F.3d 755, 762 (4th Cir. 2003) (quoting *United States v. Leavis*, 853 F.2d 215, 218 (4th Cir. 1988)). And that can be one overall agreement or general business venture to commit multiple crimes. *United States v. Broce*, 488 U.S. 563, 570–71 (1989). For instance, we have long recognized single conspiracies with multiple objects concerning different controlled substances. *See, e.g.*, *United States v. Mackins*, 315 F.3d 399 (4th Cir. 2003) (conspiracy to possess with intent to distribute cocaine, cocaine base, heroin and marijuana); *United States v. Banks*, 10 F.3d 1044 (4th Cir. 1993) (conspiracy to distribute heroin, cocaine and crack cocaine); *United States v. Phillips*, 593 F.2d 553 (4th Cir. 1978) (conspiracy to manufacture, possess, distribute and dispense heroin and cocaine). However, "multiple agreements to commit separate crimes constitute multiple conspiracies." *Broce*, 488 U.S. at 571. It is the factual circumstances that inform whether

10

a defendant entered into one overall agreement to commit multiple crimes or, instead, multiple agreements to commit separate crimes.

Notwithstanding its now-invalid focus on overt acts, much of *MacDougall*'s flexible totality of the circumstances test remains useful in determining whether there is one overall agreement or one general business venture.[3] It considers the factual overlap between charged conspiracies by comparing time periods, locations, co-conspirators, and the nature and scope of the activities to be prosecuted. *See* 790 F.2d at 1144.[4] And in the context of multiple conspiracy jury instructions, we have recognized that "'a single overall conspiracy can be distinguished from multiple independent conspiracies based on the overlap in actors, methods, and goals.'" *United States v. Bartko*, 728 F.3d 327, 344–45 (4th Cir. 2013) (quoting *Stockton*, 349 F.3d at 762). These factors are consistent with *MacDougall*'s consideration of co-conspirators and the nature and scope of the activities to be prosecuted. Accordingly, under *MacDougall* and our multiple conspiracy case law, we analyze Slocum's double jeopardy claim by considering the overlap in time periods, locations, co-

---

[3] To the extent that our unpublished, per curiam decision in *United States v. Ivey*, 722 F. App'x 336 (4th Cir. 2018), indicates that the *Blockburger* test applies to double jeopardy claims involving multiple conspiracy counts charged under the same statute, that decision does not comply with precedent from the Supreme Court and this Court.

[4] *MacDougall* also identifies the "statutory offenses charged" as a factor to consider when assessing whether two conspiracies are really one. 790 F.2d at 1144. Here, the charged conspiracies were brought under the same drug conspiracy statute, 18 U.S.C. § 846, and allege similar objects—the distribution of drugs. The fact that these objects are closely related weighs in favor of a single conspiracy. *See United States v. Squillacote*, 221 F.3d 542, 574 (4th Cir. 2000) (explaining that existence of closely related objects of allegedly separate conspiracies weighs in favor of finding a single conspiracy).

11

conspirators, as well as the nature and scope of the charged conspiracies, including methods and goals.

B.

Applying those factors to Slocum's case, we must determine whether the separately charged heroin and oxycodone conspiracies were, in fact, separate conspiracies or were really a single conspiracy. The level of overlap in the facts underlying the two charged conspiracies leads us to conclude that there was one overall agreement with multiple objects—to distribute more than a kilogram of heroin and to distribute a quantity of oxycodone.

The government admits that "significant factual overlap" exists between the charged conspiracies, specifically with respect to time periods, locations and co-conspirators. Resp. Br. at 11. And for good reason. In terms of time periods and locations, the indictment charges both conspiracies as occurring "[f]rom before May 2012 through October 2013, at or near Charleston, Kanawha County, West Virginia, and within the Southern District of West Virginia and elsewhere." J.A. 31–32. This overlap in time and place is supported by witness testimony at trial. As for the co-conspirators, several witnesses testified to selling or transporting both oxycodone and heroin for Slocum or knowing others who did. For instance, Victoria Hagan and Kermit Ware testified to selling heroin and oxycodone for Slocum. And Elissa Edwards testified to buying and using heroin and oxycodone from individuals selling both drugs for Slocum. Moreover, Christopher and Alyssa O'Dell testified to their involvement in transporting heroin and oxycodone for Slocum.

12

Despite recognizing this significant factual overlap underlying the charged conspiracies, the government insists that certain witness testimony evidences separate conspiracies based on the two drugs. The government notes that witness Gabrielle Beeman testified that she and others took a three-day trip outside of Charleston to sell oxycodone—as opposed to heroin—for Slocum. But Beeman herself testified that she regularly purchased oxycodone and heroin from Slocum to sell to others and that, during the trip, she used both drugs obtained from Slocum. Also, Victoria Hagan testified that she accompanied Beeman on the three-day trip, the purpose of which Hagan explained was to sell both oxycodone and heroin for Slocum. Contrary to the government's insistence, Beeman's testimony does not demonstrate separate agreements relating to each drug. Instead, it reveals common co-conspirators, methods and goals between the charged conspiracies; namely, that Beeman, like other co-conspirators, regularly obtained both heroin and oxycodone for Slocum that she then sold to third parties on his behalf. So, read in context, this evidence concerning Beeman suggests a single conspiracy, not two.

The government also claims that witness Adriana White's testimony that she bought oxycodone—but not heroin—from Slocum and re-sold it establishes that were two conspiracies. But White did not testify to selling any drugs for Slocum; she only testified to buying oxycodone for personal use. This was confirmed by Slocum's appellate counsel at oral argument. One buyer's history of purchasing only oxycodone for personal use fails to demonstrate separate agreements to distribute heroin and oxycodone. Thus, the evidence pertaining to White likewise does not support a finding of two conspiracies.

Ultimately, the substantial overlap in the time periods, locations, co-conspirators and nature and scope of the prosecuted activities suggests there was one overall agreement to distribute both heroin and oxycodone. In fact, the government identifies no evidence to support a contrary finding. So, based on the totality of the circumstances, we conclude that the heroin and oxycodone conspiracies were, in fact, one conspiracy. Because Slocum was convicted and sentenced twice for the same offense charged in a multiplicitous indictment, he has demonstrated a double jeopardy violation.

C.

While we have found that Slocum established a double jeopardy violation, that determination does not resolve whether he is entitled to habeas relief based on the alleged ineffective assistance of his trial counsel for failure to raise a double jeopardy challenge before the trial court. The Sixth Amendment right to counsel "is the right to the effective assistance of counsel." *Strickland*, 466 U.S. at 686. To prove ineffective assistance under *Strickland*, Slocum must prove that (1) his counsel's performance was deficient and (2) his counsel's deficient performance prejudiced him. *Id.* At the first prong, our scrutiny of counsel's performance "must be highly deferential." *Id.* at 689. We "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* Accordingly, "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." *Id.* at 690. That said, "a decision made by counsel cannot have been tactical 'if it made no sense or was unreasonable.'" *United States v. Freeman*, 24 F.4th 320, 330 (4th Cir. 2022) (quoting *Vinson v. True*, 436 F.3d 412, 419 (4th Cir. 2006)).

14

A petitioner "can demonstrate ineffective assistance under *Strickland* if 'existing case law' 'sufficiently foreshadowed' the double jeopardy challenge such that trial counsel's failure to raise it rendered his performance constitutionally deficient." *United States v. Palacios*, 982 F.3d 920, 925 (4th Cir. 2020) (quoting *United States v. Morris*, 917 F.3d 818, 824 (4th Cir. 2019)). "[C]ounsel need not identify *all* plausible arguments, including those that have never been raised before or which would require an extension in precedent." *Id.* (citing *Morris*, 917 F.3d at 826). And "[i]t is not enough that the law on this question was unsettled at the time or that an objection would have been plausible and non-frivolous." *Id.* (quoting *Morris*, 917 F.3d at 826) (cleaned up). However, "[c]ounsel must raise an argument where 'relevant authority strongly suggest[ed]' it." *Id.* (quoting *United States v. Carthorne*, 878 F.3d 458, 466 (4th Cir. 2017)). Accordingly, whether trial counsel's failure to challenge Slocum's multiple convictions and sentences as violating double jeopardy amounts to deficient performance under *Strickland* largely depends upon whether relevant authority at the time of Slocum's trial "strongly suggest[ed]" that challenge. *See id.*

Slocum urges us to find counsel's assistance ineffective, arguing that *MacDougall* and other authorities discussed above strongly suggested at the time of his trial that his indictment was multiplicitous and that his subsequent conspiracy convictions and sentences violated the Double Jeopardy Clause. But even if Slocum is right about the relevant authority at the time of his trial, an ineffective assistance analysis requires deferral to counsel's strategic decisions made after investigating the law and facts. *Strickland*, 466 U.S. at 689, 691; *Carthorne*, 878 F.3d at 467 (recognizing that, "[o]f course, counsel may

15

have a strategic reason for not raising a particular objection"). And since the district court neither held an evidentiary hearing[5] nor ordered a response to Slocum's motion from the government, there is nothing in the record from Slocum's trial counsel that sheds light on whether he had a strategic reason to not raise a double jeopardy challenge before the trial court. Without any insight into trial counsel's decision, we find it premature to decide whether his performance was deficient under *Strickland*. In other words, Slocum has presented a colorable Sixth Amendment claim in which disputed facts—namely trial counsel's reasoned strategy or lack thereof—remain beyond the record. *See United States v. Mayhew*, 995 F.3d 171, 176–77 (4th Cir. 2021). Accordingly, we vacate the district court's denial of Slocum's § 2255 motion and remand for an evidentiary hearing on whether trial counsel's performance was deficient. If the district court finds that trial counsel's performance was deficient, Slocum was necessarily prejudiced by that performance given our recognition of a Double Jeopardy violation.

## IV.

Considering the factual overlap in the charged conspiracies, as *MacDougall* and our multiple conspiracy case law direct us to do, Slocum was punished twice for the same conspiracy in violation of the Double Jeopardy Clause. But the record does not provide sufficient information for us to determine whether his trial counsel's performance was

---

[5] A district court must hold an evidentiary hearing on a § 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see United States v. Mayhew*, 995 F.3d 171, 176 (4th Cir. 2021).

deficient due to his failure to raise that double jeopardy challenge. As a result, we vacate the district court's denial of Slocum's § 2255 motion and remand for an evidentiary hearing under § 2255(b) to determine whether Slocum's trial counsel rendered deficient performance, thereby prejudicing Slocum.

*VACATED AND REMANDED*

DIAZ, Chief Judge, concurring:

I agree with my colleagues in the majority that Slocum's indictment was multiplicitous and that his subsequent conspiracy convictions and sentences violated the Double Jeopardy Clause. And as the majority notes, 28 U.S.C. § 2255(b) requires the district court to hold an evidentiary hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." So I agree that the correct course is to remand to the district court to hold an evidentiary hearing, where Slocum's trial attorneys can explain their reasons for not objecting.

That said, the majority leaves it to the district court to *also* resolve whether "relevant authority strongly suggest[ed]" the objection. *See United States v. Palacios*, 982 F.3d 920, 925 (4th Cir. 2020) (cleaned up). But in my view, "relevant authority" *did* "strongly suggest" that Slocum had a meritorious objection based on the double jeopardy issue at the time of his trial.

The Supreme Court has long prohibited punishing one conspiracy as two. *See Braverman v. United States*, 317 U.S. 49, 52–53 (1942). Plus, by the time of Slocum's indictment, we had held that a totality of the circumstances test applies to successive drug conspiracy prosecutions. *See United States v. MacDougall*, 790 F.2d 1135, 1144 (4th Cir. 1986).

We hadn't applied *MacDougall*'s test to a multiplicitous drug conspiracy indictment rather than a successive prosecution. But by Slocum's trial, *five* circuit courts had held in published opinions that a court should apply a *MacDougall*-like multifactor test to determine whether the defendant's indictment, charging two separate drug conspiracy

18

counts, was multiplicitous. *See United States v. Gomez-Pabon*, 911 F.2d 847, 860–61 (1st Cir. 1990); *United States v. Powell*, 894 F.2d 895, 898–99 (7th Cir. 1990); *United States v. Travillion*, 759 F.3d 281, 295–98 (3d Cir. 2014); *United States v. Vasquez-Rodriguez*, 978 F.2d 867, 870–72 (5th Cir. 1992); *United States v. Kienzle*, 896 F.2d 326, 328–29 (8th Cir. 1990). That these courts had adopted Slocum's argument strongly suggests that an objection on this issue was warranted. *See United States v. Morris*, 917 F.3d 818, 824 (4th Cir. 2019) (assuming that the defendant could show deficient performance because "the only federal circuit court to have squarely addressed this question had adopted precisely his argument"); *Jansen v. United States*, 369 F.3d 237, 243 (3d Cir. 2004) (holding that counsel was deficient for not objecting to the calculation of Guidelines offense level, when the calculation was contrary to the decisions of two other circuit courts).

Though the Eleventh Circuit had held that the *Blockburger* test should instead apply, it did so in an unpublished, per curiam opinion. *See United States v. Carson*, 447 F. App'x 925, 927 (11th Cir. 2011) (per curiam). We've recognized that a single "unpublished and non-binding decision rejecting a defendant's position may not in all cases establish that counsel has no obligation to raise that position," if the "totality of relevant precedent" otherwise suggests it. *Morris*, 917 F.3d at 826.

So despite *Carson*, the "totality of relevant precedent" at the time of Slocum's trial suggested that a Double Jeopardy objection could be meritorious, considering the five on-point, out-of-circuit cases (plus *MacDougall* and *Braverman*) and the overlap between the personnel, locations, methods, and timing of the two alleged conspiracies.

19

Of course, trial counsel may have had a strategic reason for failing to object, even though relevant authority strongly suggested that they should. Perhaps Slocum wanted a quick resolution to the case. We can't know until there's an evidentiary hearing.

But trial counsel's justifications for failing to raise the objection is a question of fact. The relevant authority question, conversely, is one of law. So I can't see how an evidentiary hearing on that legal question would be helpful. *See United States v. Magini*, 973 F.2d 261, 263 (4th Cir. 1992) ("When a colorable Sixth Amendment claim is presented, *and where material facts are in dispute involving inconsistencies beyond the record*, a hearing is necessary." (emphasis added)); *United States v. Mayhew*, 995 F.3d 171, 176–77 (4th Cir. 2021) ("Although whether to hold a hearing ordinarily is a matter of district court discretion, a hearing is required when a movant presents a colorable Sixth Amendment claim showing *disputed facts* beyond the record, or when *a credibility determination* is necessary to resolve the claim." (emphases added) (cleaned up)).

And because it's an objective inquiry, it doesn't matter if trial counsel thought that relevant authority didn't suggest the objection. Slocum has met his burden to show that the state of the law was sufficiently settled.

Finally, I note that we've previously decided the relevant authority question, even when the district court has declined to hold an evidentiary hearing. *See United States v. Carthorne*, 878 F.3d 458, 467–69 (4th Cir. 2017) (holding, in the first instance, that relevant authority strongly suggested an objection).

For these reasons, I would remand only on whether Slocum's counsel had a strategic reason for failing to raise the objection.